**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT HARRY COLLINS, *et al.*, | : | Civil No. 1:25-CV-02543 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MAX NASTASEE, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a complaint filed by seven related plaintiffs residing in the same home as a Pennsylvania parolee defendant, Robert Collins. (Doc. 1.) These Defendants are alleging constitutional violations stemming from the actions of State Parole Officers in the arrest of Robert Collins following his alleged parole violation. (Doc. 1.)[1] Six plaintiffs have filed motions to proceed *in forma pauperis*. (Docs. 10, 11, 13, 14, 16, 17.) Plaintiffs have also filed a motion to appoint counsel and for class certification. (Docs. 2, 4.) The court will grant the pending motions to proceed *in forma pauperis* for four of the Plaintiffs. The court will serve the complaint on Defendants, deny the motion for class certification, and deny the motion for appointment of counsel.

---

[1] The original complaint, Doc. 1, was sealed because it involves the name of a minor. However, a redacted version of the complaint is contained at Doc. 7.

1

## HISTORY AND PROCEDURAL BACKGROUND

On December 29, 2025, the court received and docketed a complaint from the following six Plaintiffs: (1) Robert Harry Collins ("R. Collins"), a state parolee; (2) Leah Clark ("Clark"); (3) Kaitlyn Collins ("K. Collins"), the daughter of R. Collins and mother of L.R.; (4) Renzo DeShields, Jr. ("DeShields, Jr."), the boyfriend of K. Collins and father of L.R.; (5) Renzo DeShields, IV ("DeShields, IV"), the son of DeShields, Jr.; and (6) L.R., a minor and child of K. Collins and DeShields, Jr. (Doc. 1.)

The complaint names the following eleven defendants: (1) Max Nastasee ("Nastasee"), a state parole agent; (2) Jason Walasavage ("Walasavage"), a state parole agent; (3) Jane Doe, a state parole agent; (4) Charles Kovalewski ("Kovalewski"), a Mahanoy City Police Officer; (5) Williams, a Mahanoy City Police Officer; (6) John Does #1–3, Mahanoy City Policy Officers; (7) John Doe #4, a state parole agent supervisor; (8) the Mahanoy City Policy Department ("MCPD"); the Mahanoy City Borough ("MCB"); and (9) Schuylkill County. (Doc. 1.) The complaint alleges that Defendants were involved in an unconstitutional search of the residence shared by Plaintiffs following an alleged parole violation of R. Clark. (*Id*.) Specifically, the complaint brought the following claims: Fourth Amendment, Eighth Amendment, assault, battery, and negligence claims against Nastasee and Walasavage for the use of force against R.

Collins; Fourth Amendment, negligence, and invasion of privacy claims against Nastasee, Walasavage, Jane Doe, Kovalewski, Williams, and John Does #1–3 for entering the residence and searching the residence without a warrant; Fourth Amendment, negligence, and false imprisonment claims against Nastasee, Walasavage, Jane Doe, Kovalewski, Williams, and John Does #1–3 for detaining Plaintiffs; Fourth Amendment, negligence, conversion, and trespass claims against Nastasee and Kovalewski for the seizure and search of Clark's purse; Fourth Amendment and negligence claims against Kovalewski, Nastasee, and John Does #1–3 for the search of DeShields, Jr.'s vehicle; Fourth Amendment and negligence for the search of Clark's safe; Fourth Amendment, negligence, conversion, and trespass for the destruction of Clark's black key ring; Fourth Amendment, Fourteenth Amendment, assault, battery, false imprisonment, invasion of privacy, and negligence against Jane Doe and Nastasee for the search of Clark; and conspiracy to violate the United States Constitution and state tort laws claims against Nastasee and Kovalewski.  (*Id*., pp. 10–14.)[2]  Additionally, Plaintiffs seek to establish liability against John Doe #4, MCPD, MCB, and Schuylkill County for the actions of the individual defendants based on a failure to intervene, a failure to instruct, supervise, and discipline the individual defendants.  (*Id*., p. 14.)

---

[2] For ease of reference, the court uses the page numbers from the CM/ECF header.

3

Along with the complaint, Plaintiffs filed a motion for appointment of counsel and a motion for class certification.  (Docs. 2, 4.)  Following a December 30, 2025 administrative order from the court requiring payment of the filing fee or applications to proceed *in forma pauperis*, all six Plaintiffs filed motions to proceed *in forma pauperis*.  (Docs. 10, 11, 13, 14, 16, 17.)

### JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at Mahanoy City in Schuylkill County, Pennsylvania, which is located in this district.  *See* 28 U.S.C. § 118(b).

### DISCUSSION

**A. A Parent or Power of Attorney Cannot Represent a Minor in Federal Court.**

In this action, Melissa Davis signed the complaint and application to proceed *in forma pauperis* on behalf of the minor child, L.R.  (Doc. 1, p. 22; Doc. 13.)  She appears to be representing L.R. under a power of attorney while K. Collins is incarcerated.  (Doc. 1-2.)

It is well-established in this Circuit that a parent or legal guardian may not litigate *pro se* on behalf of a child.  *See Osei-Afriye v. Med. Coll. of Pa.*, 937 F.2d

4

876, 882–83 (3d Cir. 1991) (holding that parent and guardian could not litigate *pro se* on behalf of his children).  "It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."  *Id*. at 883.

Additionally, the court is mindful of its duty to "ensure that incompetent persons are properly represented."  *Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.*, 1 F.4th 145, 148 (3d Cir. 2021).  "A district court must invoke Rule 17 sua sponte and consider whether to appoint a representative for an incompetent person when there is "verifiable evidence of incompetence."  *Id*., at 149.  L.R.'s mother and her appointed power of attorney are precluded from representing her legal interests pro se.  Thus, the court finds it appropriate to seek to appoint pro bono counsel to represent L.R. in this litigation.  *See* Fed. R. Civ. P. 17(c)(2) ("The court must appoint a guardian ad litem—*or issue another appropriate order*—to protect a minor . . . who is unrepresented in an action.") (emphasis added); *Powell v. Symons*, 680 F.3d 301, 310 (3d Cir. 2012) ("If he is determined to be incompetent and remains unrepresented, Rule 17(c) requires that a guardian be appointed *or some other remedial step taken.*") (emphasis added); *Sanchez v. R.G.L.*, 761 F.3d 495, 508 (5th Cir. 2014) ("Rule 17(c)(2) requires a court to appoint counsel for an unrepresented minor in the proceedings. . ."); *Bacon v.*

*Mandell*, Civil Action Nos. 10-5506 (JAP), 2012 WL 4105088, at \*14 (D.N.J. Sept. 14, 2012) ("While [Rule 17(c)(2)] expressly authorizes appointment of a guardian *ad litem*, the Rule's reference to 'other appropriate orders' allows the courts to resort to other measures, including appointments of conservators,[ ] *jura tertii*[,] and *pro bono* counsel.") (footnotes omitted).

Accordingly, the court will conditionally appoint *pro bono* counsel to represent the unrepresented minor, L.R.  The Clerk of the Court will be ordered to forward a copy of this memorandum and the accompanying order to the *pro bono* chairman of the Middle District of Pennsylvania Chapter of the Federal Bar Association for the purpose of obtaining *pro bono* counsel to represent the minor-plaintiff, L.R.

## B. The Court Will Grant Four of the Six Motions to Proceed *In Forma Pauperis*.

Pursuant to 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5."  28 U.S.C. § 1914(a).  All Plaintiffs filed the required motions to proceed *in forma pauperis*. (Docs. 10, 11, 13, 14, 16, 17.)  The court will grant *in forma pauperis* status to R. Collins, Clark, DeShields, Jr., and DeShields IV.  The court will deny the motion to proceed *in forma pauperis* as to K. Collins because she was incarcerated at the

time filing the motion to proceed *in forma pauperis* and has since been released according to a review of the Pennsylvania Department of Corrections ("DOC") Inmate Locator. (Doc. 17.) The DOC inmate locator is available at the following website: https://inmatelocator.cor.pa.gov/#/. This denial will be without prejudice and the court will forward a new application to proceed *in forma pauperis* form.

Likewise, the court will deny the motion to proceed *in forma pauperis* filed by Melissa Davis who was appearing as guardian of L.R. (Doc. 13.) This denial will be without prejudice. If an attorney is located for L.R., that attorney may file the necessary application on L.R.'s behalf. Melissa Davis is not a party to this action and is precluded from representing L.R. pro se. *See supra*. As such, she will be removed as a party from this action.

The court will proceed with service of this complaint despite waiting for an updated motion to proceed *in forma pauperis* from K. Collins and L.R. However, if current motions are not timely returned, the court will dismiss K. Collins and L.R. from the case.

### C. The Motions for Class Certification Will Be Denied.

Plaintiffs request class certification to represent all residents of the house on South Catawissa Street, Mahanoy City, Pennsylvania. (Doc. 4.) To certify a class, a plaintiff must establish that:

> (1) the class is so numerous that joinder of all members is impracticable;

7

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In the instant case, Plaintiffs are seeking class certification for all the residents of the home that was searched.  (Doc. 4.)  The complaint clearly identifies all six residents of the house on Catawissa Street.  Therefore, Plaintiffs cannot meet the first requirement under Fed. R. Civ. P. 23(a): the class is not so numerous that joinder of all members is impracticable.  Therefore, Plaintiffs' request for class certification will be denied.

**D. Plaintiffs' Motion for Appointment of Counsel Will Be Denied.**

Plaintiffs are seeking the appointment of counsel to represent them in this action.  (Doc. 2.)

The court has discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  The appointment of counsel is a privilege, not a statutory or constitutional right.  *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  However, representation by counsel may be appropriate under certain circumstances after a finding that the

plaintiff's case has arguable merit in fact and law. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the plaintiff's ability to retain counsel on his or her own behalf;
(5) the extent to which a case is likely to turn on credibility determinations, and;
(6) whether the case will require the testimony of expert witnesses.

*Id*. at 155–57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." (*Id.*)

At this point in litigation, appointment of counsel for any Plaintiffs other than the minor child is premature. Defendants have not yet been served with the complaint. Therefore, the motion for appointment of counsel will be denied without prejudice. Plaintiff may renew this motion or the court may appoint counsel *sua sponte* if it deems necessary.

9

### CONCLUSION

For the above-stated reasons, the court will conditionally appoint *pro bono* counsel to represent L.R. and grant four of the six motions to proceed *in forma pauperis*. The court will deny the motion to proceed *in forma pauperis* filed by K. Collins and L.R. without prejudice. The court will grant K. Collins the opportunity to file a current application to proceed *in forma pauperis*. The court will deny the motion for class certification and the motion for appointment of counsel. The court will serve the complaint on Defendants.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: May 11, 2026