IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HARRY COLLINS, *et al.*, | : | Civil No. 1:25-CV-02543 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MAX NASTASEE, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court are Defendant Schuylkill County's unopposed motion to dismiss claims brought against it and Plaintiff Kaitlyn Collins' ("K. Collins") motion to appoint counsel and for leave to proceed *in forma pauperis*. (Docs. 28, 32, 40.) The court has also received notice that no attorney has volunteered to represent the minor child in the pending action. For the following reasons, the court will grant the unopposed motion to dismiss the claims brought against Schuylkill County, vacate the appointment of counsel for the minor Plaintiff L.R., grant the pending motion to proceed *in forma pauperis* from K. Collins, and deny the motion for appointment of counsel for K. Collins.

### BACKGROUND

On December 29, 2025, the court received and docketed a complaint from the following six Plaintiffs: (1) Robert Harry Collins ("R. Collins"), a state parolee; (2) Leah Clark ("Clark"); (3) Kaitlyn Collins ("K. Collins"), the daughter

1

of R. Collins and mother of L.R.; (4) Renzo DeShields, Jr. ("DeShields, Jr."), the boyfriend of K. Collins and father of L.R.; (5) Renzo DeShields, IV ("DeShields, IV"), the son of DeShields, Jr.; and (6) L.R., a minor and child of K. Collins and DeShields, Jr.  (Doc. 1.)

The complaint names the following eleven defendants: (1) Max Nastasee ("Nastasee"), a state parole agent; (2) Jason Walasavage ("Walasavage"), a state parole agent; (3) Jane Doe, a state parole agent; (4) Charles Kovalewski ("Kovalewski"), a Mahanoy City Police Officer; (5) Williams, a Mahanoy City Police Officer; (6) John Does #1–3, Mahanoy City Policy Officers; (7) John Doe #4, a state parole agent supervisor; (8) the Mahanoy City Policy Department ("MCPD"); the Mahanoy City Borough ("MCB"); and (9) Schuylkill County. (Doc. 1.)  The complaint alleges that Defendants were involved in an unconstitutional search of the residence shared by Plaintiffs following an alleged parole violation of R. Clark.  (*Id*.)  Specifically, the complaint brought the following claims: Fourth Amendment, Eighth Amendment, assault, battery, and negligence claims against Nastasee and Walasavage for the use of force against R. Collins; Fourth Amendment, negligence, and invasion of privacy claims against Nastasee, Walasavage, Jane Doe, Kovalewski, Williams, and John Does #1–3 for entering the residence and searching the residence without a warrant; Fourth Amendment, negligence, and false imprisonment claims against Nastasee,

Walasavage, Jane Doe, Kovalewski, Williams, and John Does #1–3 for detaining Plaintiffs; Fourth Amendment, negligence, conversion, and trespass claims against Nastasee and Kovalewski for the seizure and search of Clark's purse; Fourth Amendment and negligence claims against Kovalewski, Nastasee, and John Does #1–3 for the search of DeShields, Jr.'s vehicle; Fourth Amendment and negligence claims for the search of Clark's safe; Fourth Amendment, negligence, conversion, and trespass claims for the destruction of Clark's black key ring; Fourth Amendment, Fourteenth Amendment, assault, battery, false imprisonment, invasion of privacy, and negligence claims against Jane Doe and Nastasee for the search of Clark; and conspiracy to violate the United States Constitution and state tort laws claims against Nastasee and Kovalewski.  (*Id*., pp. 10–14.)[1]  Additionally, Plaintiffs seek to establish liability against John Doe #4, MCPD, MCB, and Schuylkill County for the actions of the individual defendants based on a failure to intervene, a failure to instruct, supervise, and discipline the individual defendants. (*Id*., p. 14.)

Along with the complaint, Plaintiffs filed a motion for appointment of counsel and a motion for class certification.  (Docs. 2, 4.)  Following a December 30, 2025 administrative order from the court requiring payment of the filing fee or

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

applications to proceed *in forma pauperis*, all six Plaintiffs filed motions to proceed *in forma pauperis*.  (Docs. 10, 11, 13, 14, 16, 17.)

On May 11, 2025, the court granted appointment of counsel for the minor Plaintiff, L.R., granted the *in forma pauperis* status to Plaintiffs Clark, R. Collins., DeShields, Jr., and DeShields IV, denied the motions to proceed *in forma pauperis* filed by Plaintiff s K. Collins and L.R., without prejudice, terminating Davis as a Plaintiff and denying her motion to proceed *in forma pauperis*, and ordered service on Defendants.

On May 26, 2026, Plaintiff K. Collins filed a motion for appointment of counsel stating she is currently in rehabilitation for drug addiction and is considered incompetent.  (Doc. 28.)

On May 28, 2026, Defendant Schuylkill County filed a notice of appearance. (Doc. 30.)  On June 1, 2026, Schuylkill County filed a motion to dismiss the claims raised against it in the complaint along with a brief in support.  (Docs. 32, 33.)  On June 15, 2026, after not receiving a brief in opposition to the pending motion to dismiss, the court entered an order extending the deadline for Plaintiffs to file a brief in opposition to June 29, 2026 and put the Plaintiffs on notice that a failure to timely file a brief in opposition would result in the motion being deemed unopposed.  (Doc. 39.)  No brief in opposition has been received.

On June 18, 2026, Defendant K. Collins renewed her motion to proceed *in forma pauperis*.  (Doc. 40.)

On June 30, 2026, the Pro Bono Committee filed a report stating that it was unsuccessful in locating counsel to represent minor Plaintiff L.R.  (Doc. 41.)

The court will now address the pending motions.

## DISCUSSION

### A. The Unopposed Motion to Dismiss Will Be Granted.

Schuylkill County is seeking to dismiss the claims raised against it in the complaint.  (Doc. 32.)  Schuylkill County seeks dismissal based on a lack of personal involvement because it has no authority over the officers and agents of Mahanoy City.  (Doc. 33.)

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe*

*v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011).  Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

Plaintiffs premised all liability against Schuylkill County based on being "legally responsible for the operations, management and training of the officers and agents of Mahanoy City and Schuylkill County."  (Doc. 1, p. 2.)  There are no agents of Schuylkill County named as Defendants in the action.  The Mahanoy City Police Department and Mahanoy City Policy Officers are not under the direction or control of Schuylkill County.  *See Pena v. City of Lancaster*, No. 21-CV-590, 2022 WL 44005, at *3 (E.D. Pa. Jan. 5, 2022); *Morgan v. Pennsylvania*, No. 4:23-CV-00872, 2023 WL 6461245, at *5 (M.D. Pa. Oct. 2, 2023).  Likewise, Defendants Nastasee, Walasavage, John Doe #1 and their supervisor John Doe #4 are employees of the Pennsylvania Parole Board, an agency of the Commonwealth of Pennsylvania.  (Doc. 1, p. 2.)  These points are all raised by Schuylkill County in their motion to dismiss.  (Doc. 33.)  Plaintiffs did not oppose the pending

6

motion.  Therefore, the court will grant the pending motion and dismiss all claims asserted against Schuylkill County.

**B. The Court Will Vacate the Order Appointing Counsel and Deny K. Collins' Motion for Appointment of Counsel.**

Also pending is Plaintiff K. Collins' motion for appointment of counsel arguing that she is incompetent based on her current treatment for drug addiction. (Doc. 28.)  While K. Collins was incarcerated at the time of filing the complaint, she was released to drug rehabilitation, and has since been released from rehabilitation.  (Docs. 22, 28, 42.)

The court cannot address K. Collins' current motion for appointment of counsel without addressing the current conditional appointment of counsel entered for the representation of her minor child, L.R.  Initially, Melissa Davis attempted to represent L.R., a minor, as a guardian in this action in accord with Fed. R. Civ. P. 17 while L.R.'s mother, K. Collins was incarcerated.  (Docs. 1, 1-2.)  She attempted to represent L.R. pro se.  (Doc. 1.)  The parental power of attorney Melissa Davis submitted as evidence in support of her role as guardian expired upon K. Collins' release from SCI-Cambridge Springs.  (Doc. 1-2.)

The Third Circuit Court of Appeals has adopted the Second Circuit Court of Appeals' holding from *Berrios v. New York City Housing Authority*, 564 F.3d 130 (2d Cir. 2009), to find that "[a] non-attorney cannot represent another party, even if

acting as a next friend." *Schlemmer v. Central Intelligence Agency*, 804 F. App'x 127, 128 n.2 (3d Cir. 2020).

> The fact that a minor or incompetent person must be represented by a next friend, guardian ad litem, or other fiduciary does not alter the principle embodied in § 1654 that a non-attorney is not allowed to represent another individual in federal court litigation without the assistance of counsel. If the representative of the minor or incompetent person is not himself an attorney, he must be represented by an attorney in order to conduct the litigation.

*Berrios*, 564 F.3d at 134. Thus, L.R.'s mother and her appointed power of attorney were precluded from representing L.R.'s legal interests pro se and the court entered an order dismissing Melissa Davis as a party and conditionally appointing counsel for L.R. (Doc. 21.) No volunteer attorney accepted appointment. (Doc. 41.)

It is apparent that the court's order appointing counsel for the minor direct was imprecise. In accord with Fed. R. Civ. 17, a minor plaintiff's interest in federal court can only be brought through the representation of a parent, guardian, or other fiduciary. However, that fiduciary may not proceed pro se. *See supra*. Therefore, for L.R. to continue in this action, he must be represented by a guardian and that guardian must be represented by an attorney. To clarify any confusion by the court's previous order appointing counsel for the representation of L.R. rather than the representation of L.R.'s guardian, the court will vacate it's prior appointment of counsel. (Doc. 22.)

At the time the court dismissed Melissa Davis as a party, she was no longer the legal guardian of L.R. as the parental power of attorney became null at K. Collin's release from SCI-Cambridge Springs, which had already occurred.  (Docs. 1-2, 21, 22.)  Thus, Melissa Davis is not the appropriate representative for L.R. in accord with Fed. R. Civ. P. 17.  Nonetheless, L.R. requires representation by a parent, guardian, or other fiduciary in this action pursuant to Fed. R. Civ. P. 17, and that fiduciary is required to be represented by counsel under Third Circuit case law.

In K. Collins' motion for appointment of counsel, she alleges that she is incompetent and unable to represent her own interests in this action based on treatment for drug addiction.  (Doc. 28.)  Therefore, with her current release from rehabilitation, the court is not confident that she is able to represent the interests of her minor child in this action.  Melissa Davis no longer has parental power of attorney since K. Collins' release.  (Doc. 1-2.)  Therefore, in an effort to protect the interests of L.R. in this action, the court will order L.R.'s parents, K. Collins and DeShields, Jr., to notify the court who will be L.R.'s representative under Fed. R. Civ. P. 17.  L.R.'s representative is required to have counsel.  If no such counsel can be located, the court will entertain a request for appointment of counsel on behalf of the representative.

9

Turning to the motion for appointment of counsel filed by K. Collins, the court notes that it has discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  The court will grant K. Collins' pending motion to proceed *in forma pauperis* under 28 U.S.C. § 1915.

The appointment of counsel is a privilege, not a statutory or constitutional right.  *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law.  *Tabron*, 6 F.3d at 155.  If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1)  the plaintiff's ability to present his or her own case;
(2)  the complexity of the legal issues;
(3)  the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4)  the plaintiff's ability to retain counsel on his or her own behalf;
(5)  the extent to which a case is likely to turn on credibility determinations, and;
(6)  whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155–57.  This list of factors is non-exhaustive, and no single factor is determinative.  *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).  Instead, these

10

factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." (*Id.*)

K. Collins argues that counsel should be appointed because she is in treatment for drug abuse and is without access to a legal library. (Doc. 28.) Considering her subsequent recent release from rehabilitation, the court will deny her motion for appointment of counsel without prejudice. (Doc. 42.) Should it become clear representation is necessary in the future, K. Collins may renew her motion or the court may appoint counsel *sua sponte*.

## CONCLUSION

For the reasons set forth above, the court will grant Schuylkill County's motion to dismiss, dismiss all claims against Schuylkill County, vacate the court's order appointing counsel for Plaintiff L.R., order clarification on the representative of L.R. under Fed. R. Civ. P. 17, grant K. Collins' motion to proceed *in forma pauperis*, and deny K. Collins' motion for appointment of counsel.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 2, 2026